UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE MORRISON RESTAURANTS INC. RETIREMENT PLAN, U.S. TRUST, BANK OF AMERICA, as Trustee for the Morrison Restaurants Inc. Retirement Plan, THE MORRISON INCORPORATED MANAGEMENT RETIREMENT PLAN, and REGIONS MORGAN KEEGAN, as Trustee for the Morrison Incorporated Management Retirement Plan, <br><br>　　　Plaintiffs, <br><br>v. <br><br>OM FINANCIAL LIFE INSURANCE COMPANY, <br>　　　Defendant. | No. 3:08-CV-501 <br>(Phillips) |

## **MEMORANDUM AND ORDER**

Currently pending in the above-captioned case are the defendant's motion to dismiss [Doc. 7] and defendant's motion to dismiss unjust enrichment claim [Doc. 18].

Defendant has filed a motion to dismiss [Doc. 7], supported by a memorandum [Doc. 8]. Plaintiffs have responded with a brief in opposition to defendant's motion to dismiss [Doc. 7], and defendant has filed a reply brief in support of its motion to dismiss [Doc. 16]. In addition, defendant has a filed a motion to dismiss unjust enrichment claim [Doc. 18], and Plaintiff has filed a response thereto [Doc. 24].

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure requires a Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F. 2nd 474, 475, (6th Cir. 1990), cert denied, 498 U.S. 867, 111 S. CT. 182, 112 L. Ed. 2nd 145 (1990). A Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F. 2nd 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F. 3rd 373, 377 (6th Cir. 1995) (noting that Courts should not weigh evidence or evaluate the credibility of witnesses). A Court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 Fed. 2nd 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id (*citations omitted).

Although denominated as a motion to dismiss plaintiff's cause of action and a motion to dismiss plaintiff's unjust enrichment claim, defendant's motions are really motions for summary judgment. Both defendant and plaintiffs are requesting this Court to consider matters that are not properly of record or before the Court, and Rule 12 of the Federal Rules of Civil Procedure was not intended as a substitute for summary judgment under Rule 56. Accordingly, considering the record in the light most favorable to the nonmoving party, defendant's motion to dismiss [Doc. 7], and defendant's motion to dismiss unjust enrichment claim [Doc. 18], are **DENIED.**

**ENTER:**

    <u>s/ Thomas W. Phillips</u>
    United States District Judge